UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS ROBINSON, #834348,

    Plaintiff,                                  Hon. Robert J. Jonker

v.                                                   Case No. 1:22-cv-1211

UNKNOWN BAKER, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

      This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 20). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted.

**BACKGROUND**

      Plaintiff is presently incarcerated with the Michigan Department of Corrections at the Baraga Correctional Facility. Plaintiff initiated the present action against the following individuals at the Oaks Correctional Facility where the events in question occurred: (1) Adam Baker; (2) Alex Mackey; (3) Candi Mason; (4) Jessica Annis; and (5) Brent Davis. (ECF No. 1). Plaintiff later amended his complaint adding claims against: (1) Unknown Taylor; (2) Unknown Stone; and (3) Unknown Shemberger regarding whom service has not yet been accomplished. (ECF No. 15). In his amended complaint, Plaintiff alleges the following.

-1-

On November 5, 2022, Plaintiff, who suffers from asthma, was experiencing breathing difficulty. Plaintiff asked Defendants Annis, Davis, Taylor, Stone, and Shemberger to "call the nurse." Plaintiff's request was rejected after which his "breathing problem got worse." Later that day, Plaintiff asked Defendants Baker and Mackey to "call the nurse." Plaintiff's request was again rejected. Several hours later, Plaintiff asked Defendant Mason to "get [his] inhaler or nebulizer machine." Mason likewise rejected Plaintiff's request. Several hours later, Plaintiff was discovered in distress and provided medical assistance by others.

Plaintiff alleges that Defendants denied him necessary medical care and unlawfully retaliated against him in violation of his First and Eighth Amendment rights. Plaintiff further alleges violation of his right to equal protection under the law and claims that Defendants unlawfully conspired against him. Defendants Baker, Mackey, Mason, Annis, and Davis now move for summary judgment on the ground that Plaintiff failed to properly exhaust his administrative remedies. Plaintiff has responded to Defendants' motion. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether

its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d 465 at 474.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). Accordingly, summary judgment in favor of the party with the burden of proof "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action regarding prison conditions under 42 U.S.C. § 1983 must first exhaust his administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). This obligation only extends, however, to

such administrative remedies as are available.  *Ross v. Blake*, 578 U.S. 632, 642 (2016) (a prisoner "must exhaust available remedies, but need not exhaust unavailable ones").

Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007).  Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing.  *Ibid*.

With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules."  *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006).  In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'  The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody.  Prior to submitting a grievance, a prisoner must attempt to resolve the issue with staff, unless prevented by circumstances beyond his control, or the issue falls within the jurisdiction of Internal Affairs.  MDOC Policy Directive 03.02.130 ¶ Q (Mar. 18, 2019).  The prisoner must attempt to resolve the matter within two days of becoming aware that there exists a grievable issue.  (*Id.*).

If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance, but such must be submitted within five business days after attempting to resolve the matter with staff. MDOC Policy Directive 03.02.130 ¶ W (Mar. 18, 2019). The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included." MDOC Policy Directive 03.02.130 ¶ S (Mar. 18, 2019).

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. MDOC Policy Directive 03.02.130 ¶ DD (Mar. 18, 2019). If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. MDOC Policy Directive 03.02.130 ¶ HH (Mar. 18, 2019).

The evidence reveals that Plaintiff did pursue a grievance regarding the allegations in his complaint. While Plaintiff did pursue this grievance through all three steps of the grievance process, such does not serve to exhaust any of Plaintiff's claims.

Plaintiff filed his Step I grievance on November 18, 2022. (ECF No. 28-2, PageID.177). Plaintiff's grievance was rejected as untimely. (*Id.*). Plaintiff appealed the grievance to Step II. (ECF No. 28-2, PageID.177). However, before even submitting his Step II grievance appeal, Plaintiff initiated the present action in this Court. (ECF No. 1). It is well established that a prisoner must complete the prison grievance process prior to initiating action in federal court. *See, e.g., Barnett v. Laurel*

*County, Kentucky*, 2017 WL 11640119 at *2 (6th Cir., Dec. 12, 2017) (quoting *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999)). Accordingly, this grievance cannot serve to properly exhaust any of Plaintiff's present claims.

Plaintiff attempts to avoid the application of this straightforward authority by arguing that he "had good reasons to immediately file his [Section] 1983 action without first exhausting his grievance remedies." (ECF No. 28, PageID.156). Specifically, Plaintiff argues that he was having "health and breathing problems" and "filed his 1983 in fear of death." (*Id.*). However, there does not exist an "imminent danger" exception to the exhaustion requirement. *See, e.g., Brown v. Warchock*, 2022 WL 11398872 at *3 n.1 (E.D. Mich., Sept. 21, 2022); *Bostic v. Tennessee Department of Corrections*, 2020 WL 525910 at *2 (M.D. Tenn., Feb. 3, 2020).

Also, while not clearly articulated, Plaintiff appears to argue that his Step I grievance was improperly rejected as untimely. Plaintiff filed his Step I grievance on November 18, 2022, eleven days following the incidents in question. As noted above, to be considered timely, a grievance must be filed within five business days after attempting to resolve the issue with staff. Plaintiff asserted in his Step I grievance that he attempted to resolve the issue with staff on November 5, 2022. (ECF No. 28-2, PageID.178). Thus, to be considered timely, Plaintiff was required to submit his Step I grievance no later than November 14, 2022.[1] Plaintiff, however, did not submit his

---

[1] November 5, 2022, fell on a Saturday and November 11, 2022, was Veteran's Day. Thus, the fifth business day following November 5, 2022, was November 14, 2022.

Step I grievance until September 18, 2022. Accordingly, his grievance was rejected as untimely.

Plaintiff asserts that when he initially sought to submit his Step I grievance he was informed that grievance forms were temporarily unavailable and "staff had to print some out." (ECF No. 29, PageID.182). Plaintiff offers no evidence indicating when additional grievance forms were printed or otherwise made available. Plaintiff likewise offered no rationale in his Step I grievance explaining why his grievance was untimely. The Court recognizes that it possesses the authority to disregard errors or mistakes made by prison officials when enforcing prison grievance policies. *See, e.g., Burnett v. Walsh*, 2020 WL 3716555 at *3-4 (E.D. Mich., June 15, 2020) (court recommended that motion for summary judgment on failure to exhaust grounds be denied after finding that MDOC "improperly rejected" prisoner's grievance)[2]; *Ashley v. Boayue*, 2020 WL 5985203 at *5-6 (E.D. Mich., Feb. 18, 2020) (court recommended that motion for summary judgment on failure to exhaust grounds be denied in part after finding that MDOC "improperly rejected" prisoner's grievance)[3]. Plaintiff has failed, however, to show that the conclusion that his Step I grievance was untimely constituted an error or mistake. Furthermore, even were the Court to ignore the finding that Plaintiff's Step I grievance was untimely, the result is the same as Plaintiff initiated the present action before

---

[2] This recommendation was adopted as the opinion of the Court after no party objected thereto. *Burnett v. Walsh*, 2020 WL 3639564 (E.D. Mich., July 6, 2020).

[3] This recommendation was adopted as the opinion of the Court after no party objected thereto. *Ashley v. Boayue*, 2020 WL 4282198 (E.D. Mich., July 27, 2020).

pursuing the matter through all three steps of the grievance process. Accordingly, the undersigned finds that Defendants Baker, Mackey, Mason, Annis, and Davis have satisfied their burden on the exhaustion question.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment (ECF No. 20) be granted. Specifically, the undersigned recommends that Plaintiff's claims against Defendants Baker, Mackey, Mason, Annis, and Davis be dismissed without prejudice for failure to exhaust administrative remedies.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: May 9, 2024                             /s/ Phillip J. Green
                                              PHILLIP J. GREEN
                                              United States Magistrate Judge